# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60061
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2023

Lyle W. Cayce
Clerk

Bhavin Ramanial Patel,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A212 990 947

———————————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Bhavin Ramanial Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ found Patel's testimony to be credible, but

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

concluded he failed to meet his burden for relief because he failed to provide corroborating evidence. The IJ also noted Patel did not show internal relocation was unavailable.

He contends: the IJ procedurally erred by failing to allow him to explain the lack of corroborating evidence for his claims; even assuming the proper procedure was followed, he provided sufficient explanation why corroborating evidence was not reasonably available; and he was assigned incorrectly the burden of proving internal relocation was not feasible.

The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *E.g.*, *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to factual determinations that an alien is ineligible for asylum, withholding of removal, and CAT protection. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, our court will uphold the BIA's decision unless "the evidence compels a contrary conclusion". *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). "In other words, the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* The IJ's ruling is reviewed to the extent it affected the BIA's decision. *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

Patel's contention he should have been given the opportunity to explain his lack of corroborating evidence was not presented to the BIA; therefore, our court lacks jurisdiction to consider it. *E.g.*, *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022) (petitioner must exhaust claim before BIA either on direct appeal or by motion to reconsider).

A determination that an alien failed to provide reasonably available corroborating evidence is a factual finding, reviewed for substantial evidence. *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 769 (5th Cir. 2020). Even where an alien's testimony is "otherwise credible", his failure to present reasonably

available corroborating evidence "can be fatal to [his] application for relief". *Id.* at 764; *see* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing where IJ determines corroborating evidence necessary, alien must provide unless not reasonably available).

In that regard, the IJ found:  Patel's relatives in India could have helped him obtain corroborating documentation; and he had ample time to obtain it.  He did not dispute those findings before the BIA (nor does he in this court).  Accordingly, he fails to show the evidence compels a contrary finding. *E.g.*, *Avelar-Oliva*, 954 F.3d at 769.

The BIA dismissed Patel's asylum claim solely on the ground that he failed to provide the necessary corroboration.  Because that corroboration finding was "fatal", we need not address his internal-relocation challenge with respect to his asylum request.  *Id.* at 764; *e.g.*, *United States v. Pruett*, 551 F.2d 1365, 1368 (5th Cir. 1977) (where issue is dispositive, our court "need not address the remaining issues").

And, because Patel fails to establish his eligibility for asylum, he cannot meet the higher burden for withholding of removal. *E.g.*, *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

Finally, while asylum and withholding of removal claims have applicable burden-shifting provisions regarding the possibility of internal relocation, CAT claims do not. *See* 8 C.F.R. §§ 208.13, 1208.16.  Rather, an alien seeking CAT protection has the burden of proving, *inter alia*, that he would more likely than not be tortured if returned to his country. *E.g.*, *Tibakweitira v. Wilkinson*, 986 F.3d 905, 911 (5th Cir. 2021).  Any evidence that the alien could safely relocate internally is simply one factor considered in evaluating the likelihood of torture. *E.g.*, *id*; § 1208.16(c).  To the extent his challenge to the burden of proof on the internal-relocation issue extends to his request for CAT protection, because it was Patel's burden to prove the

No. 22-60061

likelihood of his future torture, he fails to show that assigning him that burden on that factor would constitute error.

DISMISSED in part; DENIED in part.